C. M. GILBREATH v. CITY OF GREENSBORO.

(Filed 10 November, 1910.)

1. **Cities and Towns—Streets—Acceptance—Control—Evidence.**

   The evidence in this case being plenary that a city, through its proper officials, had repaired and taken control of a certain street within its corporate limits, it was for the jury to say upon all the evidence whether the city had accepted and assumed control of the street.

2. **Cities and Towns — Negligence — Streets — Defects — Notice — Evidence.**

   In this action for damages against a city for its alleged negligence in permitting a defect to remain in its streets, there was ample evidence that the street overseer had actual notice of the defect, and that the defendant had permitted the defect to remain a sufficient time to have put its proper authorities upon notice, and the verdict for plaintiff will not be disturbed.

APPEAL from *W. J. Adams, J.,* at the April Term, 1910, of GUILFORD.

This was a civil action brought by the plaintiff to recover damages of the defendant for personal injuries alleged to have been caused him by the negligence of the defendant in failing to keep in proper repair Cumberland Street.

From a judgment for plaintiff the defendant appealed.

*R. C. Strudwick, Stedman & Cooke* and *W. P. Bynum* for plaintiff.

*Shaw & Hines* for defendant.

PER CURIAM. The plaintiff was injured by his wagon running into a hole on Cumberland Street in the defendant city and throwing him off and running over his leg, which necessitated its amputation.

We are of opinion that the evidence was amply sufficient to establish the fact that the defendant's authorities had, several years prior to the injury, taken charge of and treated Cumberland Street as a public street of the city of Greensboro; that the overseer of streets, an official of said city, had by direction of the street committee and its successor, the street commission of said city, repaired and taken control of that street, and that for some years it had been used as a public street of the city.

Upon such evidence the law is well stated by the leading case of *Mayor v. Sheffield,* 71 U. S., 189, where it is said: "If the authorities of a city or town have treated a place as a public street, taking charge of it and regulating it as they do other streets, and an individual is injured in consequence of the negligent and careless manner in which this is done, the corporation cannot, when it is sued for such injury, throw the party upon an inquiry into the regularity of the proceedings by which the land became a street or into the authority by which the street was originally established."

Whether the city had assumed such control of the *locus in quo* as to make it responsible, was an inference of fact to be drawn from all the testimony by the jury. The evidence in support of their finding is plenary.

There is ample evidence tending to prove that the hole had remained there long enough to put the city authorities upon notice as well as evidence of actual notice to the street overseer.

We have examined the twenty-one assignments of error and find them to be without merit.

In the trial of the cause his Honor seems. to have proceeded upon well-settled principles.

No error.