## J. SAM WRIGHT v. TOWN OF LAKE WACCAMAW.

(Filed 15 April, 1931.)

**1. Eminent Domain D a—In order for town to condemn land it is required that proceedings be instituted by proper officials before tribunal.**

In order for a municipality to establish a street or highway by condemnation it is required that condemnation proceedings be instituted by the properly constituted authorities in a proceeding regularly instituted before the proper tribunal, and an official map adopted showing "streets, parks and commons" platted thereon is not sufficient.

**2. Adverse Possession D b—City must show adverse use of land for street for twenty years in order to acquire title by presumption of grant.**

In order for a municipality to establish the right to maintain a street on privately owned lands where an original grant from the owner has not been shown, it must show its exclusive and adverse use and control thereof for that purpose for a period of twenty years in order for an original grant by the owner or a dedication by him to be presumed, and although such adverse use may be inferred from the occupation itself when sufficient to permit the inference that the public had assumed control and was using the land adversely and as a matter of right, in this case evidence of such adverse user is held insufficient to be submitted to the jury, and a directed verdict in the owner's favor was not error.

**3. Dedication A b—Offer of dedication must be accepted by municipality.**

An offer of dedication of land to the public must be followed by an acceptance on its part in some recognized legal manner.

APPEAL by defendant from *Daniels, J.,* at November Term, 1930, of COLUMBUS.

Action to remove an alleged cloud on title. The plaintiff owns nine acres of land on the north shore of Lake Waccamaw. In December, 1928, the defendant adopted a map purporting to show the location of its streets, squares, and public commons. The plaintiff alleged that the defendant, contrary to the rights and powers conferred by its charter, thereby attempted to take from him a strip of land thirty feet in width, including a part of his driveway and yard, although the defendant is prohibited by its charter from taking property without compensation, and that the official map constitutes a cloud upon the plaintiff's title.

The defendant denied the material allegations of the plaintiff and alleged that said squares and public commons have been used by the defendant ever since its incorporation by prescription as a matter of right; and that the streets west and in front of the plaintiff's house have been used by the public adversely under known and visible lines and boundaries as a matter of right for more than twenty years.

The following verdict was returned:

1. Is the plaintiff the owner, and in possession, of the lands described in deed from J. P. Council and J. A. Council to the plaintiff, registered in Book A-1, at page 147? Answer: Yes.

2. If so, is the defendant town entitled to use that portion of said lands that is covered by the street on the 1928 map of the defendant and designated Wright Avenue? Answer: No.

The jury was instructed as follows: If you believe the evidence in this case, or, in other words, if you find the facts as testified by the witnesses and as shown by the evidence, you will answer the first issue Yes and the second issue No.

Judgment accordingly, and appeal by defendant.

*Varser, Lawrence & McIntyre for plaintiff.*
*R. M. Toon and McLean & Stacy for defendant.*

ADAMS, J. A street or highway may be established by prescription, dedication, or condemnation. "According to the current decisions of this Court, there can be no public highway, unless it be one either established by the public authorities in a proceeding regularly constituted before the proper tribunal, or one generally used by the public over which the proper authorities have exerted control for the period of twenty years, or one dedicated to the public by the owner of the soil with the sanction of the authorities, and for the maintenance and reparation of which they are responsible." *Kennedy v. Williams,* 87 N. C., 6. This position finds support, not only in the cases cited in the opinion, but in subsequent decisions of the Court.

There is no evidence that the defendant appropriated the plaintiff's property under the law of eminent domain. The adoption of an official map did not serve the purpose of condemnation. The question is whether the defendant acquired an easement by prescription or dedication. There is no proof that the plaintiff has ever executed a grant for an easement. The defendant's principal contention is that the town acquired an easement by adverse use of the streets, squares, and commons.

In *Boyden v. Achenback,* 79 N. C., 539, it is said that where the public has used a way as a public road, and the road has been worked and kept in order by "an overseer and hands" for more than twenty years, it will be presumed that the owner dedicated it to the public. This case is cited in *Kennedy v. Williams, supra.* But in the later case of *Haggard v. Mitchell,* 180 N. C., 255, the Court said this: "In this last case, however *(Kennedy v. Williams),* the road in question had only been open and used for about six years, and while the case is undoubtedly well decided, this reference to a working by an overseer and

hands is only by way of suggestion on the part of the able and learned judge who wrote the opinion, and it was by no means the effect and intention of that decision to hold that in order to establish a public way by user, there must be direct proof of formal recognition by the public authorities having charge of the matter, but such recognition and other essentials could be inferred from the occupation itself, when sufficiently general and of an extent and character as to permit the inference as stated that the public had assumed control, and were exercising it adversely and as of right. Accordingly, in the subsequent case of *S. v. Eastman,* 109 N. C., 785, indictment for nuisance in obstructing a public square, it was expressly decided that a public square was in effect a part of the public highway; that the appointment of an overseer and hands was not an essential, and in this and several of the other authorities cited, it is fully recognized that the existence of a highway can be established by other facts showing adverse user on the part of the public."

In case of a direct dedication of land to the public use there should ordinarily be some evidence of acceptance; for as declared in *S. v. Fisher,* 117 N. C., 733, 739, "The owner of land cannot, by executing a deed to the public conveying a right of way to a highway, compel the authorities to assume the burden of repairing it unless the properly constituted agents of the county or town accept it." But where dedication is relied upon as implied from adverse user or where adverse user is invoked under the doctrine of prescription there must be evidence not only that the way was used for the requisite period, but that the user was adverse. *Haggard v. Mitchell, supra; Draper v. Conner,* 187 N. C., 18; *Weaver v. Pitts,* 191 N. C., 747. The burden of showing adverse user is upon the person who asserts it. *S. v. Fisher, supra.*

An examination of the record leads us to the conclusion that there is not sufficient evidence of the adverse use by the public of the property in question to justify a finding to this effect, and that there is no error in the instruction given the jury.