MARGARET SELLS EMANUELSON v. E.C. GIBBS, JR. AND wife, JANET H. GIBBS

No. 801DC219

(Filed 4 November 1980)

**Dedication §§ 2.2, 3— dedication of streets in subdivision – acceptance – sufficiency of acts**

A lane which served as a boundary to plaintiff's property was a street dedicated to the public use, and the trial court erred in concluding that defendants had the right to mark the boundary lines of the lane with posts, since defendants, developers of the subdivision in which plaintiff's land was located, duly recorded a plat showing the property in the subdivision, including the lane, in the office of the Register of Deeds of Currituck County; the plat bore a certification of ownership and dedication signed by defendants and certification of the county clerk stating that the Board of County Com-

missioners approved the plat for recording and accepted the dedication of roads and rights-of-way; and the proviso of the clerk's stamp that the Board of Commissioners assumed no responsibility for the maintenance of streets in the subdivision until it was in the public interest to do so did not nullify the Board's express acceptance of defendants' offer to dedicate the land to public use.

APPEAL by plaintiff from *Chaffin, Judge*. Judgment rendered 10 December 1979 in District Court, CURRITUCK County. Heard in the Court of Appeals 10 September 1980.

This is a civil action brought by the plaintiff, Margaret Sells Emanuelson, requesting a mandatory injunction ordering defendants, E.C. Gibbs, Jr. and Janet H. Gibbs, to remove posts the defendants placed in the right-of-way of Acorn Lane, a street which serves as a boundary to plaintiff's property. The posts, according to plaintiff, block access to Acorn Lane from her property.

Defendants are the developers of Old Oak Estates subdivision and owned the property in question prior to the conveyance to plaintiff in 1973. Both parties agree plaintiff has access to her property via state road 1100, but differ as to whether or not plaintiff has rights in Acorn Lane. From a judgment denying the relief requested, plaintiff appeals.

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin, by Norman W. Shearin, Jr. and Dan L. Merrell, for plaintiff appellant.*

*O.C. Abbott, P. A., by O.C. Abbott and James A. Beales, Jr., for defendant appellees.*

ARNOLD, Judge.

Plaintiff requests a mandatory injunction ordering defendants to remove the posts placed by defendants in the right-of-way of Acorn Lane. Defendants contend they have the right to mark the right-of-way of Acorn Lane on plaintiff's property because plaintiff has no rights in the street. We hold that Acorn Lane is a street dedicated to the public use and that the trial court erred in finding and concluding defendants "have the right to mark the boundary lines of Acorn Lane."

The record reveals that defendants, developers of Old Oak Estates subdivision, duly recorded a plat showing the property in the subdivision, including Acorn Lane, in the office of the

Register of Deeds of Currituck County. The plat bears a certification of ownership and dedication signed by defendants and certification of the county clerk stating that "the Board of County Commissioners approved [the] plat for recording and accepted the dedication of [illegible] roads and rights-of-way, but assume no responsibility to maintain the same until, in the opinion of the governing body it is in the public interest to do so."

Defendants, through recordation of the subdivision plat containing a reference to Acorn Lane and selling lots pursuant to the plat, made an offer of dedication of Acorn Lane to public use. *Owens v. Elliott*, 258 N.C. 314, 128 S.E. 2d 583 (1962). Moreover, defendants further expressed their intent to dedicate the street to the public on the face of the plat itself. The Board of County Commissioners expressly accepted defendants' offer of dedication as evidenced by the clerk's certification also on the face of the recorded plat.

North Carolina has no statutory scheme for dedication of streets, therefore the common law analogy of contract law requiring an offer of dedication by the landowner and an acceptance of the offer by the public remains in effect. 41 N.C.L. Rev. 875, 876 (1963). While defendants' offer in this case is unmistakable, they question the effectiveness of the acceptance by the Board of County Commissioners. As stated in *Owens v. Elliott, supra* at 317, 128 S.E. 2d at 586, "[a]n acceptance by the public of an offer to dedicate a street or road must be by the proper public authorities . . . in some recognized legal manner." The Board of County Commissioners, as governing body of the county, represents a "proper public authority." The clerk's stamp on the face of the recorded plat as evidence of the Board's acceptance presumptively satisfies the requirement that acceptance be in "some recognized legal manner."

Specifically, defendants allege that the proviso in the clerk's stamp that the Board assumes no responsibility for the maintenance of the street until it is in the public interest to do so nullifies the Board's acceptance. This is not the law of North Carolina. Express acceptance of an offer to dedicate land to the public use is sufficient to establish completed dedication. None of the authorities cited by defendants in support of their position involved an express acceptance of the offer of dedication by

a public authority. *Owens v. Elliott, supra,* and other cases cited by defendants, involved either implied acceptance by the public in general through the theory of public user, or no evidence of acceptance by anyone. Implied acceptance is not an issue in the case *sub judice,* in light of the express acceptance by the Board.

Confusion in the law of acceptance of dedication by a public authority has resulted from consolidation of all cases dealing with dedication regardless of the goals of the litigants. In the early law of dedication in North Carolina where a private citizen sought to prevent a subdivision developer from blocking access to a street by withdrawing the offer of dedication of the street pursuant to G.S. 136-96, he could prove dedication to the public use through the theory of public user — that is, by showing an offer of dedication and an acceptance of the offer by the public in that the street was traveled by the general public. However, if the litigant sought to impose a duty of maintenance of a street upon a public authority, more than mere use by the public was required to prove dedication. The courts sought to protect public authorities from unreasonable burdens of maintenance by requiring some act signaling acceptance of the duty by the authority. 41 N.C.L. Rev. 875 (1963).

These two distinct rules, one dealing with the right of the public to use a street or road and the other concerning the state or local governments' duty to "keep up" a roadway, were consolidated through the years so that recent cases have evolved three methods by which a street can become a public way. This rule is articulated in *Owens v. Elliott, supra* at 317, 128 S.E. 2d at 586:

> According to the current of decisions in this Court there can be in this State no public road or highway unless it be one either established by public authorities in a proceeding regularly instituted before the proper tribunal or one generally used by the public and over which the public authorities have assumed control for the period of twenty years or more; or dedicated to the public by the owner of the soil with the sanction of the authorities and *for the maintenance and operation of which they are responsible.* (Emphasis by the Court.)

The policy behind this additional requirement of responsibility for maintenance was to protect the state and local govern-

Light and Water Comrs. v. Sanitary District

ments from the onerous burden of liability for the maintenance of every back road in the State which some property owner might decide to dedicate. 41 N.C.L. Rev. at 878. The question of whether Currituck County is responsible for the upkeep of Acorn Lane is not involved in this appeal. Further, "the creation of a right in the public to use a dedicated street does not necessarily impose a concomitant duty on the public to maintain it." 41 N.C.L. Rev. at 879, citing *Gilbreath v. City of Greensboro*, 153 N.C. 396, 69 S.E. 268 (1910).

Plaintiff, as owner of land which abuts a public way, has a right of access to the public street in the nature of an easement appurtenant, which may not be interfered with by defendants. *Snow v. Highway Commission*, 262 N.C. 169, 136 S.E. 2d 678 (1964). Plaintiff's request for an injunction ordering defendants to remove the posts from the right-of-way of Acorn Lane should have been granted.

Reversed and remanded.

Judges ERWIN and WELLS concur.