EARL BUMGARNER AND WIFE, EULA BUMGARNER v. HOBART RENEAU AND WIFE, REVA RENEAU, FORMERLY REVA ARNOLD

No. 9130SC116

(Filed 18 February 1992)

1. **Dedication § 12 (NCI4th) — clause in deed — reservation of road for public use — offer of dedication**

   A clause in a deed "excepting and reserving" from the conveyance an existing road to "the general public" constituted an express offer of dedication of the road to the general public.

   **Am Jur 2d, Dedication §§ 5, 8, 28.**

2. **Dedication § 13 (NCI4th) — implied acceptance of dedication — public use and governmental control**

   Acceptance of an offer of dedication of a road is implied in North Carolina when the road is used by the general public coupled with control of the road by public authorities for a period of twenty years or more. North Carolina does not recognize an implied acceptance when the general public mere-

ly uses a road for an indefinite number of years without con-
comitant governmental control of the road.

**Am Jur 2d, Dedication §§ 41, 45, 51-55.**

Judge WYNN dissenting.

APPEAL by plaintiffs from judgment entered 28 August 1990
in JACKSON County Superior Court by *Judge J. Marlene Hyatt.*
Heard in the Court of Appeals 7 November 1991.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Michelle
Rippon, for plaintiff-appellants.*

*Russell & Dickson, by Russell L. McLean, III, and Long, Parker,
Hunt, Payne & Warren, P.A., by Robert B. Long, Jr., for
defendant-appellees.*

GREENE, Judge.

Plaintiffs appeal from a judgment entered 28 August 1990,
which judgment was based on a jury verdict finding that plaintiffs
had failed to establish a prescriptive easement over defendants'
property.

Plaintiffs instituted this action seeking to permanently enjoin
defendants from interfering with plaintiffs' use of a paved road
leading from plaintiffs' property across defendants' property to
U.S. Highway 441 in Jackson County. In their initial complaint,
plaintiffs make the following pertinent allegations: that they have
used the road without interruption and without permission for 32
years, and that such use has been open and notorious; that defend-
ants' deed to an eight-acre tract of land excepts and reserves the
road to the general public; and that defendants erected metal posts
along the road, "significantly reducing and limiting the easement
area from its previous width [of 12 feet] to a dangerously narrow
corridor . . ." which became impassable to fire trucks, ambulances,
and plaintiffs' farm equipment. Plaintiffs' prayer for relief requested,
among other things, a mandatory injunction requiring defendants
to remove all obstructions placed on the road and a permanent
injunction restraining and enjoining defendants from interfering
with plaintiffs' right-of-way. Although the record does not indicate
the trial court's ruling on the request for the injunctions, it appears
that at some point after the filing of the complaint the posts were
removed. Plaintiffs filed an amended complaint in which they added

to their initial prayer for relief a request that judgment be entered (1) declaring the right-of-way a public road, and (2) granting plaintiffs a prescriptive easement over the right-of-way.

At trial, the evidence established that plaintiffs' predecessor in title, William Rogers, prior to selling the property to plaintiffs, reached an agreement with nearby landowners for a right-of-way which would provide a means of ingress and egress from his property to Highway 441. A portion of the road, which was built in 1949, passes through what is now defendants' property. Defendants' predecessor in title, Howard Reagan, who in 1949 owned the eight-acre tract on which the road is now located, testified that he gave William Rogers permission to build the road and that the road was 12 feet wide. Howard Reagan conveyed the property to the Jordans in 1955. In 1960, the Jordans conveyed the property to the Halls. The Jordan-Hall deed includes the following clause:

> Excepting and reserving from this conveyance unto . . . the general public, the existing roadway as same is now located together with the right to maintain same; said roadway to be used as a means of ingress, egress and regress to the property above described and other properties belonging to members of the general public, and said right of way to be and remain perpetually open for the aforesaid purposes but in the event said right of way shall ever cease to be used for road purposes, then and in that event same shall revert to and become the property of the owner of the adjoining lands over which same passes.

Finally in 1964, the Halls conveyed the property to defendant Reva Arnold (now Reneau) and her husband at the time, Lester Arnold. The Hall-Arnold deed contains, word for word, the above-referenced clause.

The evidence established that, between 1949 and 1989, plaintiffs and others used the road as a means of accessing their property. In 1989, defendants erected the posts along the road for the purpose of curtailing construction vehicles which were using the road to reach a nearby subdivision. The width between the posts ranged from approximately 10 feet at some points to nearly 12 feet at others. After erecting the posts, defendants constructed a by-pass road for use by plaintiffs for plaintiffs' farm equipment. There is conflicting evidence as to the adequacy of the by-pass road.

BUMGARNER v. RENEAU

[105 N.C. App. 362 (1992)]

During the direct examination of defendant Reva Reneau, plaintiffs attempted to introduce into evidence a copy of the deed to defendants' property. The trial court sustained defendants' objection to the introduction of the deed, and submitted to the jury only the issue of whether plaintiffs had established a prescriptive right-of-way. The jury found that plaintiffs had failed to establish such a right-of-way.

---

The issues are whether I) a clause in a deed "excepting and reserving" from the conveyance an existing road to "the general public" constitutes an offer of dedication to the general public; and II) an offer of dedication is properly accepted when the general public uses the road for an indefinite period of time and for the purpose for which it was offered for dedication.

Plaintiffs contend that they are entitled to a new trial because the trial judge refused to allow them to introduce into evidence defendants' deed. They contend that the deed is relevant to the issue of whether the disputed road is a public road. Plaintiffs do not contend in this Court that the deed is relevant to the issue of whether plaintiffs had established a right to use the road by prescription.

I

[1] Plaintiffs argue that the "exception and reservation" clause in defendants' deed creates a right-of-way for use by the general public by express reservation, or alternatively, by dedication. " '[A] reservation is a clause in a deed whereby the grantor reserves something arising out of the thing granted not then in esse, or some new thing created or reserved, issuing or coming out of the thing granted and not a part of the thing itself. . . .' " *River Birch Assoc. v. City of Raleigh*, 326 N.C. 100, 108, 388 S.E.2d 538, 542 (1990) (quoting *Central Bank & Trust Co. v. Wyatt*, 189 N.C. 107, 109, 126 S.E. 93, 94 (1925) ). Dedication is "the intentional appropriation or donation of land, or of an easement or interest therein, by its owner for some proper public use." 23 Am Jur 2d Dedication § 1 (1983). An offer of dedication of land to the use of the public may be either by express language, reservation, or by conduct of the owner manifesting an intent to set aside land for the public, *Milliken v. Denney*, 141 N.C. 224, 227, 53 S.E. 867, 868 (1906); *Town of Sparta v. Hamm*, 97 N.C. App. 82, 85, 387 S.E.2d 173, 175, *disc. rev. denied*, 326 N.C. 366, 389 S.E.2d 819 (1990), as well

as by the recording of a plat denoting lots and streets. *Town of Blowing Rock v. Gregorie*, 243 N.C. 364, 367, 90 S.E.2d 898, 901 (1956).

In the instant case, defendants' grantors expressly "reserved and excepted" for use by the general public a road which was already in existence and in use at the time of the grant. Because, as previously stated, a reservation contemplates a withholding by the grantor from the conveyance some interest which is not then in existence, technically, the clause in defendants' deed is not a reservation. *See* 6 George W. Thompson, Thompson on Real Property § 3090 (1962). However, "terms such as 'dedication' and 'reservation' [are often used] without regard to their technical meaning," and courts should give effect to the obvious intent of the parties. *River Birch*, 326 N.C. at 108, 388 S.E.2d at 543; *Reynolds v. B.V. Hedrick Gravel & Sand Co.*, 263 N.C. 609, 613, 139 S.E.2d 888, 891 (1965); *see also* 23 Am Jur 2d Dedication § 28 (1983) (failure to use the word "dedicate" does not preclude clause in deed from operating as an express dedication if character of conveyance is that of a dedication). Here, it appears without dispute that the intent of the parties, as evidenced by defendants' deed, was to dedicate the road for use by the public as a means of ingress to and egress from the surrounding properties. Accordingly, we conclude that the clause in defendants' deed constitutes an express offer of dedication of the road to the general public.

## II

[2] A dedication of a road to the general public is a revocable offer until it is accepted on the part of the public in "some recognized legal manner" and by a proper public authority. *Wright v. Town of Lake Waccamaw*, 200 N.C. 616, 617, 158 S.E. 99, 100 (1931); *Oliver v. Ernul*, 277 N.C. 591, 598, 178 S.E.2d 393, 396 (1971). A "proper public authority" is a governing body having jurisdiction over the location of the dedicated property, such as a municipality, an incorporated town, a county, or any public body having the power to exercise eminent domain over the dedicated property. *See* 23 Am Jur 2d Dedication § 45 (1983). Acceptance in "some recognized legal manner" includes both express and implied acceptance. *Id.* at § 51. Express acceptance may take the form of, *inter alia*, a formal ratification, resolution, or order by proper officials, the adoption of an ordinance, a town council's vote of approval, or the signing of a written instrument by proper

authorities. *Id.* Acceptance of an offer of dedication is implied in North Carolina when the dedicated property is used by the general public coupled with control of the road by public authorities for a period of twenty years or more. *See Owens v. Elliot*, 258 N.C. 314, 317, 128 S.E.2d 583, 586 (1962).

Plaintiffs argue that acceptance of a dedication can also be implied through an application of the doctrine of "public user," whereby an implied dedication results when an owner offers to dedicate property and the public subsequently uses the property for the purpose for which it was dedicated. *See* 23 Am Jur 2d Dedication § 54 (1983). We disagree. In North Carolina, the use by the public of dedicated property must be coupled with control of the property by the proper public authority for at least twenty years. In other words, North Carolina does not recognize "public user" as a legal manner of acceptance of an offer of dedication. *Oliver*, 277 N.C. at 598, 178 S.E.2d at 396 (acceptance of an offer of dedication cannot be established by permissive use); *see also Emanuelson v. Gibbs*, 49 N.C. App. 417, 420, 271 S.E.2d 557, 559 (1980) (rejecting "public user" doctrine as a method of establishing a public road). We are aware that some jurisdictions recognize an implied acceptance when the general public merely uses a street for an indefinite number of years, without concomitant governmental control of the street. *See* 2 George W. Thompson, Thompson on Real Property § 372 (1980); *cf.* 41 N.C. L. Rev. 875, 879-80 (1963) (suggesting that public use of a road constitutes an implied acceptance in dedication cases where there has been no attempt to impose liability on the public for maintenance). However, as previously stated, this is not the rule in North Carolina.

The deed offered by plaintiffs was relevant to prove the offer of dedication and should have been admitted for this purpose. However, it was not relevant on the issue of acceptance because the deed contained no information revealing either an express or an implied acceptance of the offer of dedication by a proper public authority. Plaintiffs offered no evidence of a legally recognized acceptance. Therefore, because dedication of a public road cannot be established without evidence of a proper acceptance, the failure of the trial court to admit the deed into evidence did not affect any substantial right of plaintiffs. *See* N.C.G.S. § 1A-1, Rule 61 (1990) (trial court's error must "amount[ ] to denial of a substantial right" in order for judgment to be disturbed on appeal).

No error.

Judge PARKER concurs.

Judge WYNN dissents with separate opinion.

Judge WYNN dissenting.

In *Town of Blowing Rock v. Gregorie*, 243 N.C. 364, 90 S.E.2d 898 (1956), Justice Parker writing for our Supreme Court stated that "it is well understood that a dedication is never complete until acceptance." *Id.* at 368, 90 S.E.2d at 901. North Carolina has recognized three modes of acceptance of an offer of dedication: (1) by formal or express acts of public authorities; (2) by implication by acts of public authorities; or (3) by implication from user by the public for the purpose for which the property was dedicated.

I take issue with the majority's conclusion that North Carolina does not recognize "public user" as a legal manner of acceptance of an offer of dedication. In *Draper v. Conner & Walters Co.*, 187 N.C. 18, 121 S.E. 29 (1924), our Supreme Court found that mere permissive use by the public will not show a dedication to the public when an owner of land constructs a road for his own convenience. *Id.* at 20, 121 S.E. at 30. The Court also stated, however, that user by the public is a valid mode of acceptance of an offer of dedication when intent to dedicate is not at issue:

> "[T]he right to a public way cannot be acquired by adverse user, and by that alone, for any period short of twenty years. It is also established that if there is a dedication by the owner, completed by acceptance on the part of the public, or by persons in a position to act for them, the right at once arises, and the time of user is no longer material. The dedication may be either in express terms or it may be implied from conduct on the part of the owner; and, while an intent to dedicate on the part of the owner is usually required, it is also held that the conduct of the owner may, under certain circumstances, work a dedication of a right of way on his part, though an actual intent to dedicate may not exist. These principles are very generally recognized and have been applied with us in numerous and well considered decisions."

*Id.* at 21, 121 S.E. at 31 (quoting *Tise v. Whitaker-Harvey Co.*, 146 N.C. 374, 375, 59 S.E. 1012, 1013 (1907) ). *See Milliken v. Denny*,

141 N.C. 224, 53 S.E. 867 (1906); *Boyden v. Achenbach*, 79 N.C. 539 (1878).

Admittedly, it appears that the "public user" mode of acceptance recently has been disregarded in our Courts' analysis of dedication cases. *See, e.g., Owens v. Elliott*, 258 N.C. 314, 128 S.E.2d 583 (1962). In *Emanuelson v. Gibbs*, 49 N.C. App. 417, 271 S.E.2d 557 (1980), this Court explained the confusion concerning "public user":

> Confusion in the law of acceptance of dedication by a public authority has resulted from consolidation of all cases dealing with dedication regardless of the goals of the litigants. In the early law of dedication in North Carolina where a private citizen sought to prevent a subdivision developer from blocking access to a street by withdrawing the offer of dedication of the street pursuant to G.S. 136-96, he could prove dedication to the public use through the theory of public user—that is, by showing an offer of dedication and an acceptance of the offer by the public in that the street was traveled by the general public. However, if the litigant sought to impose a duty of maintenance of a street upon a public authority, more than mere use by the public was required to prove dedication. The courts sought to protect public authorities from unreasonable burdens of maintenance by requiring some act signaling acceptance of the duty by the authority.

*Id.* at 420, 271 S.E.2d at 559. *See Town of Blowing Rock*, 243 N.C. at 368, 90 S.E.2d at 901 ("This acceptance may be shown not only by formal action on the part of the authorities having charge of the matter, but under certain circumstances, by user as of right on the part of the public . . . ."); Note, *Dedication—Acceptance of Streets in Subdivision—Public User*, 41 N.C. L. Rev. 875, 878-80 (1963) (Public user is a valid mode of acceptance except when a party attempts to use public user to impose a duty of public maintenance.).

Because I believe that "public user" is a valid mode of acceptance as an offer of dedication, I conclude that it was prejudicial error for the trial court to have excluded the deed during the trial of this case.