FRANCIS FREDERICK KRAFT, Plaintiff v. TOWN OF MT. OLIVE, Defendant and
PEOPLES NATIONAL BANK, Defendant/Intervenor

No. COA06-856

(Filed 5 June 2007)

**1. Cities and Towns— dedication to public—alley**

The trial court did not err by concluding the pertinent alley was dedicated to the public, because: (1) the deeds from the original owner of the dominant tract establish an intent to dedicate the alley to the public; (2) given the prior conveyances of the original owner dedicating the alley to the public and the requirements to research those prior conveyances, plaintiff had record notice of the dedication and the restrictions placed on the alley; and (3) contrary to plaintiff's assertion, neither plaintiff nor his predecessors in interest have been paying taxes on the alley.

**2. Cities and Towns— implicit acceptance of dedication— alley—assertion of control**

The trial court did not err by concluding that defendant town implicitly accepted the offer of dedication of the pertinent alley by use and control because: (1) the record contains ample evidence to support a finding of public use of the alley, including ingress and egress for customers and deliveries to businesses; (2) there was competent evidence in the record to support the trial court's finding that the town accepted the alley through improvements and repairs to it; and (3) there was evidence in the record indicating that the public and the town had used the alley for over forty years.

**3. Cities and Towns; Real Property— Marketable Title Act— alley open for public use**

The trial court did not err by concluding that the Marketable Title Act did not bar defendant town from holding the pertinent alley open for public use, because: (1) given the use and character of the alley, the town's paving of the road, maintenance of the utilities underneath the alley, and provision of municipal services to the alley were sufficient to establish actual possession of the alley; (2) the fact that the town accepted dedication via use and control necessarily led to the conclusion that the town was in open and actual possession of the road and its interest in the alley cannot be defeated by the Act; (3) plaintiff's interpretation of the

Act would deprive municipalities and the public of their rights in and to public streets and alleys unless municipalities filed notices under the Act every thirty years; and (4) nothing in the Act would allow the rights of the public to a dedicated right-of-way to be abolished.

Appeal by plaintiff from judgment entered 30 November 2005 by Judge John R. Jolly, Jr. in Wayne County Superior Court. Heard in the Court of Appeals 19 February 2007.

*Rose Rand Attorneys, P.A., by Jeffrey P. Gray and Jason R. Page, for plaintiff-appellant.*

*Ward and Smith, P.A., by Ryal W. Tayloe, for defendant-appellee.*

*Pendergrass Law Firm, PLLC, by James K. Pendergrass, Jr. and Christopher R. Bullock, for defendant/intervenor-appellee.*

HUNTER, Judge.

Francis Frederick Kraft ("plaintiff") filed a complaint on 24 June 2004 seeking to quiet title to property. Plaintiff asserted that the property in question be quieted either pursuant to the Marketable Title Act ("the Act") or under the theory that there had been no public dedication of the property. Town of Mt. Olive ("Town" or "defendant") asserted that there had been a dedication and acceptance of the property, an alley, as a public right-of-way or in the alternative that the Town had acquired a prescriptive easement and that the Act did not apply. Defendant/Intervenor Peoples National Bank ("Bank" or "defendant") asserted the same. The parties agreed to a bifurcated trial where the issues of dedication and marketable title would be addressed first. If the issues were determined in favor of plaintiff, a jury trial as to the issue of a prescriptive easement would follow. The trial court entered judgment as to the first set of issues in favor of the Town and the Bank on 30 November 2005 so that the second phase of the trial was not needed. Plaintiff appeals this ruling.

This case involves a dispute over the ownership of an alley ("the alley") in the Town. Plaintiff owns property located at the corner of West Center Street and West James Street in the Town.[1] Based on

---

1. Plaintiff's deed contains the following language:

   BEGINNING at the southwestern corner of the Mt Olive Theater Building, the corner of West Center Street and West James Street, then N. 46-18-51 W. 91.10

KRAFT v. TOWN OF MT. OLIVE

[183 N.C. App. 415 (2007)]

plaintiff's deed, he contends that he owns the alley running along the southeastern boundary of his property. Defendants assert that the property had been dedicated to the public by a prior owner.

The alley in question is approximately ten (10) feet in width and runs from West James Street to West John Street. The alley has been in existence since the 1920s. The original owner of the dominant tract, including the alley, was Ben W. Southerland ("Southerland"). Southerland conveyed portions of the dominant tract along West Center Street between West John Street and West James Street to various grantees. At least three of the five conveyances were made subject to and with reference to the alley.

The first conveyance from Southerland's estate stated that the alley "shall at all times be kept open and unobstructed[.]" The second stated that the alley "shall at all times be kept open, free for passage and unobstructed[.]" Finally, the fifth reserved the "free use of a ten foot alleyway" and stated that this alley shall "be kept open for the benefit of the public[.]"

After the death of Southerland, his estate recorded a plat[2] of the remaining portions of the dominant tract on 15 December 1926. Among the parcels sold was a portion of the dominant tract to Rubineal Witherington ("Witherington"), including what is now the Kraft Building site, subject to and with reference to the alley.

On 6 May 1981, Witherington conveyed the Kraft Building to Kraft Studios, Inc. by general warranty deed. Kraft Studios, Inc. conveyed the Kraft Building, by the description referenced in footnote one above, to plaintiff Francis Kraft and his then wife, Linda S. Kraft. Linda S. Kraft, pursuant to a divorce settlement, conveyed her interest in the Kraft Building to plaintiff by a quitclaim deed on 11 August 1989.

---

feet to a point, the edge of an alley and said theater building, the beginning point; then continuing N. 46-18-51 W. 8.9 feet, the alley; then N. 46-23-12 W. 59.20 feet, the Kraft building; then the Western wall of the Kraft building, N. 43-36-18 E. 109.42 feet; then the back wall and lot, S. 46-20-13 E. 59.80 feet to a stake, the edge of the alley; then continuing S. 46-20-13 E. 9.15 feet across the alley; then the Eastern line of the alley, S. 44-11-43 W. 14-98 feet; then continuing the eastern line of said alley, S. 44-32-06 E. 49.88 feet to the theater building; then the back wall of the theater, S. 43-50-05 E. 44.92 to the point and place of beginning. Being the same land described in that deed dated June 5, 1981, from Kraft's Studio, Inc. to Francis Frederick Kraft and wife, Linda S. Kraft, recorded in the Wayne County Registry in Book 1009, Page 531.

2. Wayne County Registry in Map Book 3, page 2.

KRAFT v. TOWN OF MT. OLIVE

[183 N.C. App. 415 (2007)]

Plaintiff operates various businesses and lives in the Kraft Building. Plaintiff sought to build a courtyard within the boundary of the alley. The Town denied this request, and plaintiff filed this action to quiet title to his property. The trial court ruled in favor of the Town and the Bank.

Plaintiff presents three questions for this Court to review: (1) whether the alley had been properly dedicated to the public use; (2) if so, whether the Town accepted that dedication; and (3) whether the Act bars defendants' claim to the alley. After careful consideration, we affirm the ruling of the trial court.

When the trial court sits without a jury, as it did in this case, "the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Building Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). The trial court's conclusions of law are reviewed *de novo. Humphries v. City of Jacksonville*, 300 N.C. 186, 187, 265 S.E.2d 189, 190 (1980).

I.

[1] Dedication is a form of transfer whereby an individual grants to the public rights of use in his or her lands. *Spaugh v. Charlotte*, 239 N.C. 149, 159, 79 S.E.2d 748, 756 (1954). An easement by dedication can occur "in express terms or it may be implied from conduct on the part of the owner." *Id.* The ultimate issue is whether the owner of the property intended to dedicate the property. *Milliken v. Denny*, 141 N.C. 224, 230, 53 S.E. 867, 869 (1906); *see also Nicholas v. Furniture Co.*, 248 N.C. 462, 468, 103 S.E.2d 837, 842 (1958) (explaining that the intention of the owner to dedicate is the "foundation and very life of every dedication").

" 'The intention to dedicate must clearly appear, though *such intention may be shown by deed*, by words, or by acts.' " *Milliken*, 141 N.C. at 230, 53 S.E. at 869 (emphasis added) (citation omitted). Where an intention to dedicate is found, and followed by an acceptance by the public, the dedication is complete. *Nicholas*, 248 N.C. at 469, 103 S.E.2d at 842. Plaintiff brings forth three arguments as to whether the alley was dedicated to the public. However, because we find that the deeds from Southerland establish an intent to dedicate the alley to the public we need only address one argument.

As previously noted, intention to dedicate may be shown by deed. *Milliken*, 141 N.C. at 230, 53 S.E. at 869. Here, Southerland, the prior

KRAFT v. TOWN OF MT. OLIVE

[183 N.C. App. 415 (2007)]

owner of the dominant tract, made at least five conveyances of property, all of which referenced the alley. Three of them specifically dealt with the dedication of the alley. The first stated that the alley "shall at all times be kept open and unobstructed[.]" The second stated that the alley "shall at all times be kept open, free for passage and unobstructed[.]" Finally, the fifth reserved the "free use of a ten foot alleyway" and stated that this alley shall "be kept open for the benefit of the public[.]" These deeds, taken together, clearly establish the intention of Southerland to dedicate the alley to the public.

Plaintiff argues that the deeds conveying other property abutting the alley are ineffective to constitute an offer of dedication because plaintiff's deed does not contain such restrictive language. We disagree.

Plaintiff relies on *Board of Transportation v. Pelletier*, 38 N.C. App. 533, 537, 248 S.E.2d 413, 415 (1978), for the proposition that interpretation of deeds goes "no further than the four corners of the instrument." Plaintiff is essentially arguing that the trial court should have only looked at plaintiff's deed. *Pelletier* is not on point. In that case, there was only one deed to be interpreted. *Id.* In the instant case, however, the trial court was attempting to determine whether Southerland had intended to dedicate the entire alley. In such cases, intent to dedicate may be found outside the four corners of the deed and "may be either by express language, reservation, *or by conduct* showing an intention to dedicate[.]" *Milliken*, 141 N.C. at 227, 53 S.E. at 868 (emphasis added).

Furthermore, this Court has held that a purchaser will have constructive notice of all duly recorded documents that a proper examination of the title should reveal. *Stegall v. Robinson*, 81 N.C. App. 617, 619, 344 S.E.2d 803, 804 (1986). It is well settled that a "title examiner must *read* the prior conveyances [of the dominant tract owner] to determine that they do not contain restrictions applicable to the use of the subject property." *Id.* at 620, 344 S.E.2d at 805. Given the prior conveyances of Southerland dedicating the alley to the public and our requirements to research those prior conveyances, we hold that plaintiff had record notice of the dedication and the restrictions placed on the alley.[3]

---

3. We do not address whether the recorded plat is sufficient on its own to create an easement because the Town has conceded that it was not in plaintiff's chain of title and the Bank makes no argument regarding whether plaintiff had record notice of the plat. *See, e.g., Hill v. Taylor*, 174 N.C. App. 415, 422, 621 S.E.2d 284, 289 (2005) (noting that it is "well settled that a lot owner who purchases real property in reliance on a plat depicting certain amenities obtains an interest in those amenities").

Finally, as to this issue, plaintiff argues that because both he and his predecessor in interest paid taxes on the alley that any intention to dedicate was negated. We disagree.

Plaintiff correctly states the general rule that payment of taxes "tends to negative any alleged intent on his part to dedicate it to the public." *Nicholas*, 248 N.C. at 470, 103 S.E.2d at 843. The trial court, however, made a finding of fact that "neither [p]laintiff, nor his predecessors in interest, have been paying taxes on the [a]lley."

We find competent evidence to support this finding of fact. At trial, plaintiff testified that he had not been paying taxes on the alley for "all of these years." Additionally, the record contains a letter from the Wayne County tax assessor to plaintiff stating that neither the tax map nor real estate card shows that the alley is included in plaintiff's lot. Plaintiff's assignments of error as to this issue are overruled. Having determined that Southerland intended to dedicate the property, we next address whether the Town accepted that property on behalf of the public.

II.

**[2]** Plaintiff next argues that the Town did not accept the offer of dedication by use and control or by a formal resolution. A dedication of a road "is a revocable offer until it is accepted on the part of the public in 'some recognized legal manner' and by a proper public authority." *Bumgarner v. Reneau*, 105 N.C. App. 362, 366, 413 S.E.2d 565, 568, *modified and affirmed*, 332 N.C. 624, 422 S.E.2d 686 (1992) (citation omitted). "A 'proper public authority' is a governing body having jurisdiction over the location of the dedicated property, such as . . . an incorporated town . . . or any public body having the power to exercise eminent domain over the dedicated property." *Id.* Accepting "in 'some recognized legal manner' includes both express and implied acceptance." *Id.* at 366, 413 S.E.2d at 569.

Express acceptance can occur, *inter alia*, by "a formal ratification, resolution, or order by proper officials, the adoption of an ordinance, a town council's vote of approval, or the signing of a written instrument by proper authorities." *Id.* at 366-67, 413 S.E.2d at 569. An implicit dedication occurs when: (1) "the dedicated property is used by the general public"; and (2) "coupled with control of the road by public authorities for a period of twenty years or more." *Id.* at 367, 413 S.E.2d at 569. To be clear, it is not enough for the public to use the alley for twenty years, but the "public authorities must assert control

over [the alley]." *Scott v. Shackelford,* 241 N.C. 738, 743, 86 S.E.2d 453, 457 (1955).

Plaintiff limits his argument to the question of whether the Town asserted control over the alley and does not discuss whether the public used the property. Accordingly, we limit our discussion to the same but note that the record contains ample evidence to support a finding of public use of the alley, including ingress and egress for customers and deliveries to businesses. The requisite level of control may be established by improving, repairing, or paving the alley over the twenty-year period. *Blowing Rock v. Gregorie,* 243 N.C. 364, 368, 90 S.E.2d 898, 901 (1956). This is especially true when accompanied by long continued use by the public. *Id.* There is competent evidence in the record to support the trial court's finding that the Town accepted the alley through improvement and repairs to it.

First, the Town paved the alley in approximately 1976. Second, the Town, without a utility easement, dug up portions of the alley to maintain and repair the sewer lines and other utilities. Third, the Town provided municipal service to the alley such as garbage, police, and fire service. Finally, as to the length of public use, there is evidence in the record indicating that the public and the Town had used the alley for over forty (40) years. Accordingly, under the rule in *Gregoire,* this evidence establishes that the Town has implicitly accepted the dedication of the alley.

Because we conclude that the Town has implicitly accepted the dedication, we need not consider whether the Town expressly accepted the offer of dedication in a 2005 resolution.

III.

[3] Plaintiff's final argument is that the Marketable Title Act bars the Town from holding the alley open for public use. We disagree. The Act was created in recognition of the fact that certain "[n]onpossessory interests in real property, obsolete restrictions and technical defects in titles . . . often constitute unreasonable restraints on the alienation and marketability of real property." N.C. Gen. Stat. § 47B-1(2) (2005). The Act was adopted with the intent to "expedite the alienation and marketability of real property." *Heath v. Turner,* 309 N.C. 483, 488, 308 S.E.2d 244, 247 (1983).

Under the Act, "if a person claims title to real property under a chain of record title for 30 years, and no other person has filed a

notice of any claim of interest in the real property during the 30-year period," then any conflicting claims arising from a title transaction before the thirty (30) year period are extinguished. N.C. Gen. Stat. § 47B-1. One of the exceptions to this rule is that rights will not be extinguished for those who are in "present, actual and open possession of the real property so long as such person is in such possession." N.C. Gen. Stat. § 47B-3(3) (2005). The possession exception, however, does not automatically defeat a thirty-year marketable title but will " 'only protect[] whatever ownership the [party challenging ownership] already ha[d.]' " *Hill*, 174 N.C. App. at 421-22, 621 S.E.2d at 289 (citation omitted).

In determining whether there is actual possession of land, " 'considerable importance must be attached to its nature, character, and locality, and to the uses to which it can be applied, or to which the claimant may choose to apply it.' " *Taylor v. Johnston*, 289 N.C. 690, 711, 224 S.E.2d 567, 579 (1976) (quoting Am. Jur. 2d, *Adverse Possession* § 14). Given the use and character of this alley, we hold that the Town's paving of the road, maintenance of the utilities underneath the alley, and provision of municipal services to the alley are sufficient to establish actual possession of the alley. In other words, the fact that the Town accepted dedication via use and control necessarily leads us to the conclusion that the Town was in open and actual possession of the road and its interest in the alley cannot be defeated by the Act.

Plaintiff's interpretation of the Act would deprive municipalities and the public of their rights in and to public streets and alleys unless municipalities filed notices under the Act every thirty (30) years. Such a result was not intended by our General Assembly. As our Supreme Court has stated, a town "holds its streets in trust not only for the municipality and its citizens, but also for the general public." *Blowing Rock*, 243 N.C. at 370, 90 S.E.2d at 902. We find nothing in the Act that would allow the rights of the public to a dedicated right-of-way to be abolished. Accordingly, we reject plaintiff's assignment of error as to this issue.

IV.

In summary, we hold that the alley was dedicated to the Town and the Town accepted the property by use and control. We also hold that the Act does not apply to the facts in the instant case. Accordingly, we affirm the ruling of the trial court.

IN RE P.P. & M.P.

[183 N.C. App. 423 (2007)]

Affirmed.

Chief Judge MARTIN and Judge STROUD concur.