ALFRED K. SAMPSON AND WIFE, VOUTLINE P. SAMPSON v. CITY OF GREENSBORO

No. 7718SC107

(Filed 24 January 1978)

**1. Dedication § 2— subdivision plat—approval by city—dedication of sewer easement**

No question of material fact existed as to the approval of a subdivision and the proper dedication of a sewer easement shown on the subdivision plat, notwithstanding plaintiff developers denied any knowledge of how the plat got on record, where it was uncontradicted that plaintiffs employed engineers to prepare the plat, plaintiffs petitioned defendant city to approve the subdivision as shown on the plat, and it was accepted and approved by defendant, and where plaintiffs did not deny that they signed the plat which stated that they thereby dedicated to public use all easements shown on the plat.

**2. Dedication § 5; Easements § 8.3— sewer easement—dedication for other public purposes**

There is no merit in plaintiffs' contention that a sewer easement shown on a subdivision plat was dedicated for storm sewer purposes only and that defendant city cannot use the area for a sanitary sewer where a municipal ordinance provided that all property shown on a plat as dedicated for a public use shall be deemed to be dedicated for any other public use approved by the city council in the public interest, since the ordinance provided a valid condition that defendant city could lawfully impose before approving the proposed subdivision.

APPEAL by plaintiffs from *Rousseau, Judge.* Judgment entered 10 November 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 29 November 1977.

Plaintiffs own a tract of land known as Guilford Industrial Park. On 21 February 1975, they filed this suit against defendant to remove a cloud from their title. The alleged "cloud" is an easement that appears on the recorded plat of the property. Defendant is about to install a sanitary sewer along the easement. Plaintiffs contend that the property was never properly dedicated. They further contend that if there was a dedication, the easement was intended to be for a storm sewer and not a sanitary sewer.

Defendant moved for summary judgment. The court considered the verified pleadings, plaintiffs' answers to interrogatories, and the stipulations of facts, in addition to affidavits offered by defendant. These documents disclosed that plaintiffs

hired an engineer to map the subdivision in accordance with Greensboro City ordinances. Plaintiffs submitted the plat to the Greensboro Planning Board for consideration. The Board approved the plat, and it was recorded in proper form with the Guilford County Register of Deeds on 20 September 1971. The plat contains the following certificate:

> "The undersigned hereby acknowledge this plat and allotment to be _____ free act and deed and hereby dedicate to public use as streets, playgrounds, parks, open spaces, and easements forever all areas so shown or indicated on said plat. Signed, s/Alfred K. Sampson
> s/Voutline P. Sampson."

Plaintiffs appealed from the entry of summary judgment in favor of defendant.

*Turner, Rollins, Rollins & Clark, by Clyde T. Rollins, for plaintiff appellants.*

*Jesse L. Warren and Dale Shepherd, for defendant appellee.*

VAUGHN, Judge.

[1] Plaintiffs argue that a question of fact exists as to whether "they" authorized the plat to be placed on record. They rest their argument upon the bald denial in their complaint of any knowledge of how it got on record. It is uncontradicted that they employed engineers to prepare the plat of the subdivision, that they petitioned defendant to approve the subdivision as shown on the plat, and that it was accepted and approved by defendant. They do not deny that they signed the plat and thereby ". . . dedicate to public use as streets, playgrounds, parks, open spaces, and easements forever all areas so shown or indicated on said plat." The trial judge correctly concluded that no question of material fact existed as to the approval of the subdivision and the proper dedication of the easement shown on the plat. In one breath, plaintiffs claim all the benefits that are afforded by the defendant's approval of their subdivision and, at the same time, seek to withdraw the burdens on the land that defendant required to be imposed thereon before it would approve the subdivision. The easement appearing on plaintiffs' own map of their subdivision is not a "cloud" on their title.

[2]  Plaintiffs next contend that the easement shown on the plat was dedicated for storm sewer purposes only and that defendant cannot use the area for a sanitary sewer. The argument is without merit. Section 19-12(g) of the Greensboro City Code of Ordinances is, in part, as follows:

"All property shown on the plat as dedicated for a public use shall be deemed to be dedicated for any other public use authorized by the city charter or any general, local, or special law pertaining to the city when such other use is approved by the city council in the public interest."

The ordinance provides a valid condition that defendant may lawfully impose before granting approval for the proposed subdivision.

There were no genuine issues of material fact for trial. The court, consequently, properly entered summary judgment in favor of defendant.

Affirmed.

Judges BRITT and PARKER concur.