OCEAN HILL JOINT VENTURE v. CURRITUCK CTY. BD. OF COMM'RS

[178 N.C. App. 182 (2006)]

Affirmed.

Judges TYSON and LEVINSON concur.

───────

OCEAN HILL JOINT VENTURE, OCEAN HILL PROPERTIES, INC.; THE VILLAGES AT OCEAN HILL COMMUNITY ASSOCIATION, INC.; ERNEST WOOD & WIFE, JANE WOOD; RICHARD GONZALEZ & WIFE, DEBRA GONZALEZ; ROSALEE CHIARA; ROBERT RAMIREZ & WIFE, JANICE SERINO; GARY ROBINSON & WIFE, SUSAN ROBINSON; DANIEL HUNT & WIFE, CATHY HUNT; BARRY HEYMAN & WIFE, ELLEN HEYMAN; STEPHEN DAIMLER & WIFE, CAROL DAIMLER; DAVID BOVA & WIFE, CARRIE BOVA, PETITIONERS/APPELLEES v. THE CURRITUCK COUNTY BOARD OF COMMISSIONERS, RESPONDENT, AND OCEAN HILL I PROPERTY OWNERS ASSOCIATION, INC., RESPONDENT/APPELLANT

No. COA05-1405

(Filed 20 June 2006)

### 1. Highways and Streets— closing public road—statutorily mandated de novo hearing—burden of proof

The trial court did not err by placing the burden on appellant to illustrate the board of county commissioners correctly determined that closing the roads in Ocean Hill I to the general public was not contrary to the public interest, because: (1) the burden of proof was initially placed on appellant who sought to change the status of Ocean Hill I roads from public to private; and (2) pursuant to a statutorily mandated de novo hearing, the burden of proof remained with appellant.

### 2. Highways and Streets— closing public road—directed verdict—more than a scintilla of evidence

A de novo review revealed that the trial court did not err by denying appellant's motion for directed verdict in an action seeking to close Ocean Hill I roads to the general public, because: (1) appellant's repeated incorrect argument concerning the burden of proof is unavailing on this issue as well; and (2) a petitioner's testimony that closing Ocean Hill I roads would deprive her of a safe route to the beach was not only more than a scintilla of evidence supporting appellees' assertion that closing these roads is contrary to the public interest, but also is conflicting testimony favorable to appellees precluding the granting of appellant's motion for directed verdict.

3. **Highways and Streets— closing public road—instructions—burden of proof—questions of public interest**

The trial court did not submit an incorrect burden of proof to the jury in an action seeking to close Ocean Hill I roads to the general public and did not improperly empower the jury to determine a question of law, because: (1) the Court of Appeals has already held that the burden of proof was correctly placed on appellant; (2) appellant never objected to the submitted jury instruction in the final pretrial conference order, and appellant submitted the exact question to the jury in its requested jury instruction; and (3) our Supreme Court has ratified the ability of juries to deliberate upon questions of public interest.

Appeal by respondent-appellant from judgment entered 10 March 2005 and order entered 1 April 2005 by Judge J. Richard Parker in Currituck County Superior Court. Heard in the Court of Appeals 13 April 2006.

*C. Everett Thompson, II, for petitioners-appellees.*

*Katherine F. McKenzie for respondent-appellee.*

*The North Carolina Association of County Commissioners, by James B. Blackburn, III, amicus curiae.*

*Robinson, Bradshaw & Hinson, P.A., by John R. Wester and Jonathan C. Krisko and Trimpi & Nash, LLP, by Thomas P. Nash, IV, and John G. Trimpi, for respondent-appellant.*

CALABRIA, Judge.

Ocean Hill I Property Owners Association ("appellant") appeals the judgment entered upon a jury verdict determining the closing of the public roads and streets in Section 1 of the Ocean Hill Subdivision ("Ocean Hill I") to the general public was contrary to the public interest. Appellant also appeals the court's order denying their motion for a new trial. We find no error.

In the late 1970's in Currituck County, Ocean Hill Joint Venture ("Joint Venture") and Ocean Hill Properties, Inc. ("Properties") (collectively "the petitioners") developed a residential subdivision ("the subdivision"), which included Ocean Hill I. The recorded plat for Ocean Hill I ("the Ocean Hill I plat") identified eight residential roads ("Ocean Hill I roads"), three to provide beach access and three to connect other future planned developments within the subdivision.

The Ocean Hill I plat "dedicate[d] all streets, alleys, walks, parks, and other open space to public or private use as noted." However, the Ocean Hill I plat failed to identify which streets were public and which were private. Appellant asserts, and the petitioners disagree, that despite the ambiguity in the plat whether Ocean Hill I roads were designated for public or private use, these roads had been private in character since the subdivision's inception. In the early 1990's, Ocean Hill I property owners asked Joint Venture to repair the roads due to wear and tear. On 24 March 1993, pursuant to an agreement, Joint Venture conveyed title to the roads to appellant and appellant agreed to repair and insure the roads. Since 1993, appellant repaired, maintained, and insured Ocean Hill I roads.

In 1989, construction in a new development named the Villages at Ocean Hill ("the Villages") surrounding Ocean Hill I dead-ended three Ocean Hill I roads previously designated to connect Ocean Hill I to future developments in the subdivision. The only access for Ocean Hill I residents was limited to North Carolina Route 12, a public highway passing through the Villages and connecting to Coral Lane, one of the eight original roads platted in Ocean Hill I. As a result, disputes arose regarding the increase in the number of non Ocean Hill I residents using their roads.

On 6 September 2001, appellant requested the Board withdraw Joint Venture's dedication of Ocean Hill I roads and close them to the public, pursuant to N.C. Gen. Stat. § 153A-241. On 7 October 2002, following a public hearing, the Board approved a resolution to withdraw the dedication of Ocean Hill I roads. On 4 November 2002, subsequent to the public hearing, the Board voted unanimously to close the roads. Specifically, they explained that "closing . . . the roads would not be contrary to the public interest and would not deprive any individual owning property in the vicinity of the roads reasonable means of ingress and egress to his property." On the same day, the Board approved an order to close Ocean Hill I roads to the general public.

On 27 November 2002, pursuant to N.C. Gen. Stat. § 153A-241, petitioners appealed the Board's order by filing a *writ of certiorari* in Currituck County Superior Court. Petitioners alleged closing Ocean Hill I roads to the general public "[was] against and contrary to the public interest" and claimed they were "persons aggrieved" by the order. On 3 December 2002, pursuant to N.C. Gen. Stat. § 153A-241, the trial court ordered the Board to certify the complete record

resulting in the 4 November 2002 order. On 6 February 2003, appellant filed an answer to petitioners' writ and requested a jury trial.

At trial, two members of the Currituck County Board of Commissioners ("the Board") and a law enforcement officer testified for appellant. Commissioner Paul O'Neal referred to Ocean Hill I and stated, "[a] subdivision that is going to be open to the public . . . is required to have more than one ingress and egress . . . [and the Board] would require some parking for the general public." The second member of the Board to testify, James Etheridge, explained, "there [are] no parking areas . . . [,] there is no off street parking . . . [,] [and] [t]here is only one entrance and exit[.]" Finally, Sheriff Susan Johnson ("Sheriff Johnson") of Currituck County focused on safety issues not only because of congestion but also because Ocean Hill, Section 1 "is so difficult to traverse, I think that public safety outweighs public interest in some cases.

At trial, Gerald Friedman, a land developer involved with the subdivision, testified for the petitioners. He explained the roads in Ocean Hill I were to be public, the State was to eventually take over the roads, and the conveyance of the roads to appellant in 1993 was not intended to give away public access. Hood Ellis, an attorney who represented Gerald Friedman in the development of the subdivision, also testified for the petitioners. He said "[Ocean Hill] was always going to be a public subdivision. In other words, the neighborhood just like I live in. We have residential platted lots on public streets." Several residents of the Villages also testified. One of the petitioners, Rosalee Chiara, had safety concerns if the roads in Ocean Hill, Section 1, were made private. She was not concerned about getting to and from her home but was concerned about being deprived "of getting to and from the beach safely."

At the conclusion of the evidence, both petitioners and appellant moved for a directed verdict and the trial court denied each motion. The jury determined closing Ocean Hill I roads to the general public was contrary to the public interest. Appellant's motion for a new trial was denied. Appellant appeals the judgment entered upon the jury verdict and order denying the motion for a new trial.

## I. *Burden of Proof*:

[1] Appellant argues the trial court erred by placing the burden on them to illustrate the Board correctly determined that closing the roads in Ocean Hill I was not contrary to the public interest.

Appellant contends the trial court placed the burden of proof upon the wrong party. We disagree.

a. *De novo hearing*:

N.C. Gen. Stat. § 153A-241 (2005), in pertinent part, states

Any person aggrieved by the closing of a public road or an easement may appeal the board of commissioners' order to the appropriate division of the General Court of Justice within 30 days after the day the order is adopted. *The court shall hear the matter de novo and has jurisdiction to try the issues arising* and to order the road or easement closed upon proper findings of fact by the trier of fact.

(emphasis added). " 'The word *de novo* means fresh or anew; for a second time[.]' " *Caswell County v. Hanks*, 120 N.C. App. 489, 491, 462 S.E.2d 841, 843 (1995) (citing *In Re Hayes*, 261 N.C. 616, 622, 135 S.E.2d 645, 649 (1964)). "A court empowered to hear a case *de novo* is vested with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court." *Id.* (citation and internal quotation marks omitted). In fact, as in the instant case, "a *de novo* hearing or trial conducted *pursuant to a specific statutory mandate* requires judge or jury to disregard the facts found in an earlier hearing or trial and engage in independent fact-finding." *N.C. Dep't of Envtl. & Natural Res. v. Carroll*, 358 N.C. 649, 661, 599 S.E.2d 888, 895 n.3 (2004) (emphasis added). In *Hanks, supra*, this Court determined that "*[t]he plain language of* N.C. Gen. Stat. § 67-4.1(c)[1] . . . requires that the superior court must hear the case on its merits from beginning to end as if no hearing had been held by the Board and *without any presumption in favor of the Board's decision*." *Hanks*, 120 N.C. App. at 491, 462 S.E.2d at 843 (emphasis added). Similarly, in the instant case, N.C. Gen. Stat. § 153A-241 mandates a *de novo* hearing by the superior court for an appeal of a county board order to close a public road. Thus, the trial court properly held a *de novo* hearing respecting the determination of the Board to close Ocean Hill I roads.

---

1. N.C. Gen. Stat. § 67-4.1(c) (2005) provides a person or Board will determine whether a dog is "dangerous." The dog owner can seek review of that determination by an appellate Board. If the dog owner seeks review of the appellate board decision, N.C. Gen. Stat. § 67-4.1(c) states, in pertinent part, "[t]he appeal shall be heard de novo before a superior court judge sitting in the county in which the appellate Board whose ruling is being appealed is located."

Pursuant to the statutorily mandated *de novo* hearing and *Hanks* and *Carroll, supra,* there is no presumption in favor of a lower tribunal's determination and, furthermore, the burden of proof remains on the party who shouldered the burden at the lower tribunal. "Since the hearing on appeal in the Superior Court was *de novo,* if the [appellant] had the burden of proof at the first hearing, obviously [they] also had the burden at the *de novo* hearing in the Superior Court." *Joyner v. Garrett,* 279 N.C. 226, 236, 182 S.E.2d 553, 560 (1971). Consequently, the trial court correctly determined that the burden of proof, initially placed upon the appellant because they sought to change the status of Ocean Hill I roads from public to private, remained on the appellant for the trial *de novo.* Thus, pursuant to a *de novo* hearing, we hold the burden of proof remained with the appellant and overrule appellant's corresponding assignments of error numbers one, five, six, and seven.

II. *Directed Verdict:*

[2] Appellant argues the trial court erred in denying their motion for directed verdict. Appellant contends appellees failed to present any evidence to support the jury verdict. We disagree.

"The party moving for a directed verdict 'bears a heavy burden under North Carolina law.' " *Ligon v. Strickland,* 176 N.C. App. 132, 135, 625 S.E.2d 824, 827-28 (2006) (citing *Martishius v. Carolco Studios, Inc.,* 355 N.C. 465, 473, 562 S.E.2d 887, 892 (2002) (quoting *Taylor v. Walker,* 320 N.C. 729, 733, 360 S.E.2d 796, 799 (1987)). "The standard of review for a motion for directed verdict is whether the evidence, considered in a light most favorable to the non-moving party, is sufficient to be submitted to the jury." *Herring v. Food Lion, LLC,* 175 N.C. App. 22, 26, 623 S.E.2d 281, 284 (2005), *aff'd,* 360 N.C. 472, 628 S.E.2d 761 (2006). "A motion for directed verdict should be denied if more than a scintilla of evidence supports each element of the non-moving party's claim." *Id.* "Moreover, if there is conflicting testimony that permits different inferences, one of which is favorable to the non-moving party, *a directed verdict in favor of the party with the burden of proof is improper.*" *Long v. Harris,* 137 N.C. App. 461, 465-66, 528 S.E.2d 633, 636 (2000) (emphasis added) (citing *United Lab., Inc. v. Kuykendall,* 322 N.C. 643, 662, 370 S.E.2d 375, 386 (1988)) . "This Court reviews a trial court's grant of a motion for directed verdict *de novo.*" *Herring,* 175 N.C. App. at 26, 623 S.E.2d at 284.

In the instant case, appellant's entire argument is premised upon the identical rationale overruled above, namely, that the burden of proof was placed upon the wrong party. We previously determined, in section one of this opinion, that pursuant to a statutorily mandated *de novo* hearing, the burden of proof remained on the appellant because they shouldered the initial burden when the Board first convened to determine whether or not to close Ocean Hill I roads. Nevertheless, appellant alleges in their brief that the burden was on the petitioners to prove the Board's decision to close Ocean Hill I roads was incorrect and absent such supporting evidence, the trial court's denial of their directed verdict motion was in error. This repeated argument remains unavailing here and, moreover, pursuant to *Long, supra,* the testimony of petitioner Rosalee Chiara, that closing Ocean Hill I roads would <u>deprive her of a safe route to the beach</u> is not only more than a scintilla of evidence supporting appellees' assertion that closing these roads is contrary to the public interest, but also is "conflicting testimony" favorable to appellees precluding the granting of appellant's motion for directed verdict. *See Murdock v. Ratliff,* 310 N.C. 652, 659, 314 S.E.2d 518, 522 (1984) (stating "in order to justify granting a motion for a directed verdict in favor of the party with the burden of proof, the evidence must so clearly establish the fact in issue that no reasonable inferences to the contrary can be drawn.") Thus, appellant's corresponding assignments of error numbers two and three are overruled.

III. *Jury Instructions:*

[3] Appellant argues the trial court erred by submitting the incorrect burden of proof to the jury. We disagree. "On appeal, this Court considers a jury charge contextually and *in its entirety." Hughes v. Webster,* 175 N.C. App. 726, 730, 625 S.E.2d 177, 180 (2006) (emphasis added). "The charge will be held to be sufficient if 'it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed[.]' " *Id.* 175 N.C. App. at 730, 625 S.E.2d at 180-81 (quoting *Jones v. Satterfield Development Co.,* 16 N.C. App. 80, 86-87, 191 S.E.2d 435, 440 (1972)). "The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by an omitted instruction." *Id.* 175 N.C. App. at 730, 625 S.E.2d at 181. "A trial court *must give a requested instruction* if it is a correct statement of the law and is supported by the evidence." *State v. Haywood,* 144 N.C. App. 223, 234, 550 S.E.2d 38, 45 (2001) (emphasis added).

Appellant's proposed instruction states, in pertinent part, "[t]he issue for you to determine is whether that closing was contrary to the public interest." The instruction concludes "[o]n this issue the petitioners have the burden of proof. As I have instructed you earlier, this means that the petitioners are required to prove, by the greater weight of the evidence, the existence of those facts which would entitle them to a favorable answer to the issue." We previously determined in parts one and two of this opinion the burden of proof was correctly placed on appellant. Therefore, we reject appellant's assertion that the burden of proof should have been placed upon appellees according to their jury instructions because it is an incorrect statement of the law. Appellant also asserts the trial court erred by empowering the jury to determine a question of law. Specifically, appellant argues the issue determining whether closing Ocean Hill I roads was contrary to the public interest was not a question of fact for the jury but a question of law for the court. However, in the final pre-trial conference order the appellant never objected to the submitted jury instruction. More importantly, appellant submitted the exact question to the jury in their requested jury instruction. Furthermore, in *Utilities Com. v. Carolina Scenic Coach Co.*, 218 N.C. 233, 239-40, 10 S.E.2d 824, 828 (1940) our Supreme Court ratified the ability of juries to deliberate upon questions of public interest. We overrule appellant's assignments of error numbers four, eight and nine.

No error.

Judges McCULLOUGH and STEELMAN concur.