IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-91

 No. COA20-423

 Filed 6 April 2021

 Dare County, No. 19-CVS-496

 ROBERT E. HOVEY and wife, TANYA L. HOVEY, Plaintiffs,

 v.

 SAND DOLLAR SHORES HOMEOWNER’S ASSOCIATION, INC., and the TOWN
 OF DUCK, Defendants.

 Appeal by Defendant Sand Dollar Shores Homeowner’s Association, Inc., from

 judgment entered 18 February 2020 by Judge L. Lamont Wiggins in Dare County

 Superior Court. Heard in the Court of Appeals 10 February 2021.

 The Wills Law Group, by Gregory E. Wills, for Plaintiffs-Appellees.

 Fox Rothschild LLP, by Troy D. Shelton, Elizabeth Brooks Scherer, and Robert
 H. Edmunds, Jr., for Defendant-Appellant Sand Dollar Shores Homeowner’s
 Association, Inc.

 No brief filed by Defendant Town of Duck.

 INMAN, Judge.

¶1 The Town of Duck is a seaside resort community that provides no public beach

 access. All oceanfront lots there are privately owned and have been since before Duck

 was incorporated in 2002. Although members of the public are entitled to walk on

 the beach, wade in the ocean, and otherwise use the natural resources abutting the
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 boundaries of these properties, the land between the beach and public streets and

 highways belongs to private landowners. This appeal arises from a complaint by two

 Duck residents who do not own oceanfront property and who assert a public right of

 access to a pedestrian walkway that provides convenient beach access from a public

 street to members of Sand Dollar Shores Homeowner’s Association (“Defendant”).

¶2 Defendant appeals from a summary judgment order declaring that the

 walkway maintained by and titled to Defendant has been dedicated to the public.

 After careful review, we hold the trial court erred in granting summary judgment for

 Robert and Tanya Hovey (“Plaintiffs”), reverse the trial court’s order, and remand

 with instruction to enter summary judgment for Defendant.

 I. FACTUAL AND PROCEDURAL HISTORY

¶3 In 1981, Sand Dollar Shores, Inc., a real estate development company, recorded

 a plat for the Sand Dollar Shores subdivision with the Dare County Register of

 Deeds.1 The subdivision, per the plat map, consists of 42 residential lots along

 Seabreeze Drive, a road that extends from State Route 1200 and terminates in a

 double cul-de-sac near the Atlantic Ocean.

 1 The Town of Duck was incorporated after recordation of the plat, and Sand Dollar

 Shores now resides within Duck’s city limits.
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

¶4 In addition to displaying the lots and Seabreeze Drive, the plat map shows an

 eight-foot-wide pedestrian beach access easement (the “Easement”) running from the

 double cul-de-sac to the beach between lots 2 and 3:

 The plat map includes a “certificate of dedication,” which provides that the developer

 “hereby . . . dedicate[s] all roads, alleys, walks, parks, and other sites to public or

 private use as noted.” The certification further states that “the streets and roads in
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 this subdivision are dedicated to public use.” Nothing on the face of the plat map

 notes the Easement as for either public or private use.

¶5 The plat map was approved for recordation by Dare County, which, per a

 certificate of approval and acceptance of dedication on the face of the plat map,

 “accepted the dedication of roads, easements, right-of-way, public parks, and other

 sites for public purposes as shown hereon.” Two days later, the developer recorded

 restrictive covenants for Sand Dollar Shores. The covenants stated that the

 Easement is for the sole use of homeowners within Sand Dollar Shores and their

 guests and that use of the Easement by anyone else “is prohibited” and may result in

 prosecution for trespassing on Sand Dollar Shores Property.

¶6 Defendant was established in 1990, nine years after the plat map and

 covenants were recorded, and a few months later the developer deeded the beach

 access to Defendant. Following the transfer, Defendant assumed the sole and

 exclusive responsibility for the ownership and maintenance of the Easement and has

 continued to maintain it ever since.

¶7 Plaintiffs purchased a house across the highway from Sand Dollar Shores in

 2002 and began renting out the house on a weekly basis during the summer months.

 They also started a beach equipment rental business to serve their residential renters
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 and other vacationers. Plaintiffs and their customers used the Sand Dollar Shores

 beach access to reach the beach.

¶8 In 2015, Defendant amended its restrictive covenants to provide, among other

 things, that the Easement was dedicated for the use of Defendant’s members only.

 Plaintiffs continued to use the Easement during this time, and, in April 2016,

 Defendant’s attorney wrote a letter to Plaintiffs stating that they would be held liable

 if they and their tenants did not stop using the Easement. Following the receipt of

 this letter, Plaintiffs’ residential rental management company cancelled its property

 management contract with Plaintiffs and refused to include Plaintiffs’ rental home

 in the rental management program for the 2016 summer rental season.

¶9 Later in 2016, Plaintiffs filed declaratory judgment actions against Defendant

 and the Town of Duck, requesting that the trial court declare the Easement had been

 dedicated to the public. The Town of Duck did not file a responsive pleading, but the

 city manager filed an affidavit attesting that the Town had “no intention of arresting

 the Plaintiffs for use of any of the Accesses absent a Court decision settling any civil

 disputes arising between the Plaintiffs and the underlying owners of the Accesses.”

 Plaintiffs voluntarily dismissed their action without prejudice and continued using

 the Easement.
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

¶ 10 On 29 May 2019, Robert Hovey was arrested for trespassing on Defendant’s

 property. In response to the arrest, Plaintiffs again filed suit requesting that the trial

 court declare the Easement dedicated to the public. The Town, as before, took no

 position on the litigation but agreed to be bound by any judgment. Plaintiffs moved

 for summary judgment a few months after Defendant filed its answer.

¶ 11 The parties entered into several stipulations prior to the summary judgment

 hearing and agreed “that no issues of material fact exist between the parties to this

 lawsuit, and that the action before the [trial court] exists only as a matter of law.” At

 the summary judgment hearing itself, Plaintiffs argued that the plat map alone

 established a public dedication of the Easement.

¶ 12 Defendant disagreed and requested summary judgment be entered in its favor,

 asserting, among other arguments, that the face of the plat map failed to disclose an

 unambiguous intention to dedicate the Easement to the public. Following the

 hearing, the trial court granted the Plaintiffs’ motion for summary judgment.

 Defendant filed timely notice of appeal.

 II. ANALYSIS

¶ 13 Defendant argues that a public dedication of private property requires a clear

 and unmistakable intent on the part of the landowner to dedicate the land to public

 use. Because the plat map here states an intention only to dedicate “all roads, alleys,
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 walks, parks, and other sites to public or private use as noted,” and the document

 contains no note dedicating the Easement as for public use, Defendant contends the

 evidence fails to establish a clear intention to dedicate the Easement for public use.

 Plaintiffs disagree, asserting that the plat map language reflects a public dedication.

 For the reasons explained below, we hold that the plat map fails to show an

 unambiguous intention to dedicate the Easement to public use. We reverse the trial

 court’s judgment and remand with instructions to enter summary judgment for

 Defendant.

 1. Standard of Review

¶ 14 A motion for summary judgment shall be granted “if the pleadings, depositions,

 answers to interrogatories, and admissions on file, together with the affidavits, if any,

 show that there is no genuine issue as to any material fact and that any party is

 entitled to a judgement as a matter of law.” N.C. Gen. Stat. § 1A-1, Rule 56(c) (2019).

 We review an order granting or denying summary judgment de novo. Craig v. New

 Hanover Cnty. Bd. Of Educ., 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009).

 2. The Law of Public Dedication

¶ 15 “Dedication is a form of transfer whereby an individual grants to the public

 rights of use in his or her lands.” Kraft v. Town of Mt. Olive, 183 N.C. App. 415, 418,

 645 S.E.2d 132, 135 (2007) (citing Spaugh v. Charlotte, 239 N.C. 149, 159, 79 S.E.2d
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 748, 756 (1954)). Transfer by dedication requires an intent by the landowner to share

 use of the land with the public, “though such intention may be shown by deed, by

 words, or by acts.” Milliken v. Denny, 141 N.C. 224, 230, 53 S.E. 867, 869 (1906).

 “The evidence in support of the intent of an owner to dedicate an easement should be

 ‘ “clear and unmistakable.” ’ ” Wright v. Town of Matthews, 177 N.C. App. 1, 11, 627

 S.E.2d 650, 658 (2006) (quoting Green v. Barbee, 238 N.C. 77, 81, 76 S.E.2d 307, 310

 (1953)). In other words:

 The intention of the owner to set apart land for the use of
 the public is the foundation and very life of every
 dedication. . . . The acts and declarations of the landowner
 indicating the intent to dedicate his land to the public use,
 must be unmistakable in their purpose and decisive in
 their character to have that effect.

 Nicholas v. Salisbury Hardware & Furniture Co., 248 N.C. 462, 468, 103 S.E.2d 837,

 842 (1958) (citations and quotation marks omitted).

¶ 16 Intention alone is not adequate to accomplish a dedication; a public authority

 must also accept the offer. See, e.g., Tower Development Partners v. Zell, 120 N.C.

 App. 136, 140, 461 S.E.2d 17, 20 (1995) (“Because North Carolina does not have

 statutory guidelines for dedicating streets to the public, the common law principles
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

of offer and acceptance apply.” (citation omitted)).2 Acceptance, too, may be express

or implied. Kraft, 183 N.C. App. at 420, 645 S.E.2d at 137. A public authority

expressly accepts a dedication by proper adoption or execution of an official act,

including “a formal ratification, resolution, or order by proper officials, the adoption

of an ordinance, a town council’s vote of approval, or the signing of a written

instrument by proper authorities.” Bumgarner v. Reneau, 105 N.C. App. 362, 366-

67, 413 S.E. 2d 565, 569, aff’d as modified, 332 N.C. 624, 422 S.E.2d 686 (1992).

Acceptance may be implied when the offered land is “generally used by the public

and . . . the proper authorities have asserted control [over it] for the period of twenty

years or more.” Scott v. Shackelford, 241 N.C. 738, 743, 86 S.E.2d 453, 457 (1955)

 2 Plaintiffs contend that N.C. Gen. Stat. § 136-102.6 (2019) abrogated the common law

rules governing dedications for subdivision plats recorded after 1975. Tower Development
Partners, which held the common law of dedications governed a subdivision plat recorded in
1986, precludes Plaintiffs’ argument. 120 N.C. App. at 140, 461 S.E.2d at 20. Also, the
statute expressly recognizes that public dedications are offered and accepted, incorporating
the common law rather than abrogating it. See N.C. Gen. Stat. § 136-102.6(b) (“Any street
designated on the plat or map as public shall be conclusively presumed to be an offer of
dedication to the public of such street.” (emphasis added)); N.C. Gen. Stat. § 136-102.6(d)
(“The certificate of approval shall not be deemed an acceptance of the dedication of the streets
on the subdivision plat or map.” (emphasis added)). The General Assembly has made it clear
that the statute is intended “to insure that new subdivision streets described herein to be
dedicated to the public will comply with the State Standards for placing subdivision streets
on the State highway system for maintenance, or that full and accurate disclosure of the
responsibility for construction and maintenance of private streets be made.” N.C. Gen. Stat.
§ 136-102.6(i) (emphasis added). The statute has no bearing on the public dedication of a
pedestrian beach access easement, which is beyond the scope of highway construction
standards.
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 (citation and quotation marks omitted).

¶ 17 The burden of proving both an offer and acceptance of dedication falls on the

 party propounding the dedication’s existence. See, e.g., Town of Lumberton v. Branch,

 180 N.C. 249, 250, 104 S.E. 460, 461 (1920) (holding, in a town’s action asserting

 possession by public dedication, that “[t]he burden was on the plaintiff to show that

 the land in controversy, and now in possession of the defendant, is a public street of

 Lumberton.”). This is not a low burden, as “[d]edication is an exceptional and peculiar

 mode of passing title to an interest in land. . . . It is not a trivial thing to take

 another’s land, and for this reason the courts will not lightly declare a dedication for

 public use.” Nicholas, 248 N.C. at 470, 103 S.E.2d at 843 (citation and quotation

 marks omitted).

 3. Plaintiffs Have Not Shown Unmistakable Intent to Dedicate the Easement

¶ 18 Under the applicable law described above, we hold that Plaintiffs have not

 shown a clear and unmistakable intent by the developers of Sand Dollar Shores to

 publicly dedicate the Easement. The dedication on the face of the plat provides that

 the developer “dedicate[d] all roads, alleys, walks, parks, and other sites to public or

 private use as noted,” (emphasis added), meaning dedications of any walks “for

 public . . . use” and “private use” would be “noted” on the plat. Only the “streets and

 roads” are noted as for public use. Given the qualified language of the dedication that
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 only items noted “for public . . . use” would be dedicated to the public, and in light of

 the dedication of the streets in such a manner, the failure to designate the Easement

 as public creates, at best, an ambiguity as to whether the Easement was offered for

 dedication. Cf. Ocean Hill Joint Venture v. Currituck Cnty. Bd. of Comm’rs., 178 N.C.

 App. 182, 184, 630 S.E.2d 714, 716 (2006) (describing a failure to designate a road as

 either public or private under dedication language practically identical to that at

 issue here as an “ambiguity”). Because an offer of public dedication must be shown

 by evidence indicating a “clear and unmistakable” intent, Wright, 177 N.C. App. at

 11, 627 S.E.2d at 658 (citation and quotation marks omitted), and no such

 unambiguous intention is present on the face of the Sand Dollar Shores plat, the trial

 court erred in entering summary judgment for Plaintiffs and their claim should have

 been dismissed.

¶ 19 Plaintiffs asserted at oral argument that the language noting the streets as

 dedicated to the public was not actually a notation attributable to the developer

 because it was found below and apart from the signed dedication. Plaintiffs contend

 that the language instead simply served to put the public on notice that the streets

 would be governed by particular statutes referenced in the note. Plaintiffs did not

 offer any legal support for this proposition, and we can find no authority suggesting

 the placement of such a note above, below, or beside the dedication signed by the
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 party seeking to record the plat has any bearing on its application or interpretation.

 As for whether the note was simply intended to provide notice, all portions of the plat

 serve that purpose, the very reason for recordation of land rights. See, e.g., Hill v.

 Pinelawn Memorial Park, Inc., 304 N.C. 159, 163, 282 S.E.2d 779, 782 (1981) (“The

 purpose of [the recordation] statute is to enable intending purchasers and

 encumbrancers to rely with safety on the public record concerning the status of land

 titles.” (citations omitted)).

¶ 20 Plaintiffs also argue that other decisions by this Court establish that once a

 subdivision plat has been dedicated by the developer and approved by a governing

 body, any easements shown on that plat are dedicated to the public irrespective of

 any qualifying language conscribing the dedication to sites noted as public. The

 decisions cited by Plaintiffs are distinguishable, and none of them support Plaintiffs’

 argument.

¶ 21 Plaintiffs rely on this Court’s holdings in Ocean Hill, Sampson v. City of

 Greensboro, 35 N.C. App. 148, 240 S.E.2d 502 (1978), Smith v. County of Durham,

 214 N.C. App. 423, 714 S.E.2d 849 (2011), and Emanuelson v. Gibbs, 49 N.C. App.

 417, 271 S.E.2d 557 (1980). A comparison of each of these cases to the one before us

 undermines Plaintiffs’ argument.

¶ 22 Plaintiffs rely most heavily on Ocean Hill. In that case, a subdivision plat was
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 recorded in the late 1970s with language—virtually identical to that at issue here—

 dedicating “all streets, alleys, walks, parks, and other open space to public or private

 use as noted.” Ocean Hill, 178 N.C. App. at 184, 630 S.E.2d at 716. And, like the

 Easement in this case, the plat did not specify whether the streets shown on the map

 were public or private, resulting in an “ambiguity in the plat whether [the

 subdivision’s] roads were designated for public or private use.” Id. at 184, 630 S.E.2d

 at 716.

¶ 23 The homeowners association grew concerned about the public use of the road;

 however, instead of filing a declaratory judgment action contesting any public

 dedication, the association conceded that the roads had been dedicated to the public

 and successfully petitioned the County Commissioners to close the roads to the public

 pursuant to a public road closure statute. Id. Interested members of the public—

 including the original developers who recorded the subdivision plat—petitioned for

 trial de novo in superior court to reverse the Board's decision and reopen the roads.

 Id. One of the developers, as well as that developer’s attorney, testified that it was

 always the developers’ intention that the roads be public and that the conveyance of

 the roads to the association in 1993 was not intended to revoke public access. Id. at

 185, 630 S.E.2d at 716. A jury returned a verdict against the association. Id. at 185,

 630 S.E.2d at 717. The association unsuccessfully appealed to this Court on grounds
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 independent of any issues pertinent to dedication. At no point did the association

 rescind their concession that the roads had been publicly dedicated, and this Court

 did not address that issue on appeal. Id.

¶ 24 Ocean Hill does not support Plaintiffs’ position because the question of whether

 the plat contained an offer to dedicate the roads was not raised below or on appeal

 and was, in fact, conceded by the party seeking to limit access. Id. at 184, 630 S.E.2d

 at 716. While it is true that the dedication language in Ocean Hill and the failure to

 note the roads as public or private is factually similar to this case, it does not show

 the necessary unmistakable intention of dedication—indeed, this Court described the

 dedication and failure to denote the roads in Ocean Hill as creating an “ambiguity in

 the plat whether [the subdivision’s] roads were designated for public or private use.”

 Id. (emphasis added). Further, there was ample evidence in that case to resolve the

 ambiguity in favor of dedication, including direct testimony from one of the developers

 and his attorney that it was always the developers’ intent to dedicate the roads to the

 public. Plaintiffs here have offered no such additional evidence,3 and an ambiguous

 plat cannot alone support the requisite clear and unmistakable intent necessary for

 3 The only additional evidence presented to the trial court regarding the developer’s

 intent were the restrictive covenants filed by the developer two days after the plat and
 restricting use of the beach access to the homeowners of Sand Dollar Shores and their guests.
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 public dedication. Cf. Wright, 177 N.C. App. at 11, 627 S.E.2d at 658-59 (holding a

 deed that “failed to specify whether [a] right-of-way was for purposes of a public or

 private street” was insufficient to show clear and unmistakable intent to dedicate the

 street to the public).

¶ 25 Plaintiffs’ reliance on Sampson is likewise misplaced. In that case, which

 involved whether a sewer easement had been dedicated to the public, the landowners

 did not argue the plat map and dedication language failed to dedicate the sewer

 easement; the dispute instead centered on whether the landowners, who claimed they

 did not know how the plat and dedication they signed came to be recorded, could plead

 ignorance to renege on the dedication. Sampson, 35 N.C. App. at 148-49, 240 S.E.2d

 at 502-503. Sampson simply stands for the proposition that a landowner who signs

 and records a plat map that dedicates an easement to the public cannot undo the

 dedication by claiming ignorance of the dedication language or recordation. Id.

 Defendant in this case occupies a different position from the landowners in Sampson,

 as it specifically asserts the Sand Dollar Shores plat map does not show, on its face,

 a public dedication of the Easement. Sampson’s holding has no bearing on this case.

¶ 26 Smith is similarly distinguishable. Just as in Ocean Hill and Sampson, the

 uncontroverted evidence in Smith showed a public dedication had occurred upon

 recordation and the landowners did not contest whether the facts showed a
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 dedication. 214 N.C. App. at 432-33, 714 S.E.2d at 855-56. And, as with Ocean Hill

 and Sampson, nothing in Smith supports the conclusion that a recorded plat

 containing a dedication results in a dedication of any listed easements as a matter of

 law, regardless of the actual language and express scope of dedication language.

¶ 27 A fourth case cited by Plaintiffs, Emanuelson, is also inapplicable. There, a

 dispute arose between a developer and a nearby landowner over the public or private

 nature of a road on a subdivision plat map. 49 N.C. App. at 419, 271 S.E.2d at 558.

 The developer conceded that it had offered the road for public dedication, but argued

 that it had not been properly accepted by a public authority. Id. at 419, 271 S.E.2d

 at 559. That case thus did not address the issue here: whether the language on the

 Sand Dollar Shores plat map shows an offer to dedicate the Easement.

¶ 28 Plaintiffs’ remaining arguments seek to interpret and apply various statutes

 that have no bearing on whether the developer of Sand Dollar Shores intended to

 dedicate the Easement to the public, namely: (1) N.C. Gen. Stat. § 136-102.6,

 addressed supra; (2) the legislative findings section of the Coastal Area Management

 Act, N.C. Gen. Stat. § 113A-134.1(b) (2019), which simply discloses the legislature’s

 desire to establish public accessways to the State’s beaches; and (3) N.C. Gen. Stat.

 §§ 136-66.1, 160A-299, and 160A-301 (2019), which allow towns to spend funds on

 road improvements, close public roads and walks, and regulate parking. None of
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

 those statutes abrogates the common law of dedication. Plaintiffs also rely on Dare

 County ordinances in effect at the time the plat map was recorded to assert the

 Easement was dedicated to the public as a matter of law upon recordation. But, as

 conceded at oral argument, those ordinances expressly provided that both public and

 private easements could be recorded. See Dare County Code § 18-2 (1975) (defining

 “Easement” as “[a] grant by the property owner for use by the public or any person of

 a strip of land for specified purposes” (emphasis added)).

¶ 29 We acknowledge that our holding means that the Town of Duck, as an

 incorporated municipality, lacks public beach access. The subdivision, Easement,

 and Defendant association predate the incorporation of the Town. The Town has not

 sought to establish a public beach access and generally maintains that all of the beach

 access locations within the town limits of Duck are located on private property. This

 Court must uphold these private property rights under the law. Though we hold their

 suit must be dismissed, Plaintiffs are not barred from the beach. They may, as

 suggested by counsel, negotiate for access with Defendant or, failing that, drive to

 nearby municipalities or any unincorporated areas in the county to the north and

 south that maintain public beach accesses.

 III. CONCLUSION

¶ 30 For the foregoing reasons, we reverse the judgment of the trial court and
 HOVEY V. SAND DOLLAR SHORES HOMEOWNER’S ASSOC., INC.

 2021-NCCOA-91

 Opinion of the Court

remand with instructions to enter summary judgment for Defendant.

 REVERSED AND REMANDED.

 Judges TYSON and HAMPSON concur.